**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**LORI CHAVEZ-DEREMER,**                                                **PLAINTIFF**
*Secretary of Labor, United States
Department of Labor*


**v.**                                                **Civil No. 1:26-cv-58-HSO-BWR**


**TANUSHKA, LLC, d/b/a HERITAGE
INN, PRATIK AMIN,** *successor***, and
PRATIK PATEL,** *successor and in
their individual capacity*                                                **DEFENDANTS**

### ORDER GRANTING PLAINTIFF'S EX PARTE MOTION [6] FOR A TEMPORARY RESTRAINING ORDER

Plaintiff, the Secretary of Labor, Lori Chavez-DeRemer, moves ex parte for a temporary restraining order enjoining Defendants Tanushka, LLC, d/b/a Heritage Inn, Pratik Amin, and Pratik Patel, from any further retaliation and interference with the Secretary's investigation into violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"). *See* Mot. [6]. The Secretary's request will be granted. In accordance with Federal Rule of Civil Procedure 65(b)(3), all parties will be ordered to appear for a hearing on whether the temporary restraining order should be converted into a preliminary injunction on Wednesday, March 18, 2026, at 9:30 a.m.

### I. BACKGROUND

Plaintiff Lori Chavez-DeRemer, the United States Secretary of Labor (the "Secretary") filed suit against Defendants Tanushka, LLC, d/b/a Heritage Inn

("Heritage Inn"), Pratik Amin, and Pratik Patel (collectively, "Defendants"), under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), on behalf of two employees: Brett Ashley Hayes ("Hayes") and Richard Huber ("Huber"). *See* Compl. [1] at 1. The Secretary contends that Defendants violated the FLSA's minimum wage and overtime pay provisions by underpaying at least two employees, Hayes and Huber, for more than a year in connection with their employment as front-desk clerks at Heritage Inn, a motel owned and operated by Defendants in Picayune, Mississippi. *Id.* at 3; Huber Decl. [6-5] at 1. According to the Secretary, when Defendants learned that Hayes and Huber had contacted the Wage and Hour Division ("WHD") of the Department of Labor (the "Department"), Defendants "embarked on a blatant campaign of interference with the investigation and retaliation against Ms. Hayes and Mr. Huber." Compl. [1] at 2. Plaintiff contends that Defendants directed Hayes and Huber to "intentionally provide misleading information to the WHD investigator concerning their wages and work schedules," *id.* at 5, took them off site to "interrogate them [about] their conversations with the Department," *id.* at 6, and attempted to "intimidate" them by suggesting that they "faced the risk of losing their employment and housing," if they cooperated with the investigation, *id.*

Acting under 29 U.S.C. §§ 211(a), 216(b), and 217, the Secretary filed the instant Complaint [1] on February 27, 2026, asserting multiple violations of the FSLA, including claims under 29 U.S.C. § 215(a)(3), the FSLA's anti-retaliation provision (Count I); 29 U.S.C. § 211(a), the FSLA's investigation provision (Count

2

II); 29 U.S.C. § 206(a)(1), the FSLA's minimum wage provision (Count III); 29

U.S.C. §§ 207 and 215(a)(2), the FSLA's overtime provisions (Count IV); and 29

U.S.C. §§ 211(c) and 215(a)(5), the FSLA's recordkeeping provisions (Count V). *See*

Compl. [1] at 9-12. Simultaneously, the Secretary sought an ex parte temporary

restraining order and preliminary injunction, seeking to enjoin Defendants from

"interfering in the Secretary's investigation and threatening to retaliate against

workers who cooperate with that investigation." Mot. [6] at 1. On March 2, 2026,

the Court denied the Ex Parte Motion [2] without prejudice for failure to comply

Federal Rule of Civil Procedure 65(b)(1)(B)'s certification requirement. *See* Ord. [5].

The Secretary refiled her Motion [6] on March 4, 2026, asking that the Court

> issue a Temporary Restraining Order and Preliminary injunction . . . as follows:
>
>> 1. Defendants and their agents are enjoined from interfering in any WHD investigation in violation of 29 U.S.C. § 211(a) or retaliating or discriminating against any current or former worker in violation of 29 U.S.C. § 215(a)(3) during the pendency of this litigation; including but not limited to:
>>> a. Defendants and their agents are enjoined from unlawfully terminating or threatening to terminate Ms. Hayes and Mr. Huber;
>>> b. Defendants and their agents are enjoined from evicting Ms. Hayes and Mr. Huber from their current housing at the Heritage Inn or imposing further restrictions or conditions on their housing at the Heritage Inn;
>>> c. Defendants are enjoined from requesting, coercing, or accepting any unlawful "kickbacks," repayments, or deductions of all or part of any employees' wages such that employees' wages are not earned "free and clear";
>>> d. Defendants are enjoined from unlawfully charging or deducting the cost for lodging from Ms. Hayes' and Mr. Huber's wages;
>>> e. Defendants and their agents are enjoined from interrogating, inquiring about or discussing with any of their workers or former workers such worker's potential or

3

actual communications with the Wage Hour Investigators or other agents of the Department of Labor; and

f. Defendants and their agents are enjoined from influencing or attempting to influence any person's testimony or participation in this action.

2. Defendants and their agents shall allow representatives of the Secretary to post in a visible and accessible location the following statement, to all workers of Defendant Heritage Inn informing them of their right to speak, without retaliation or threats of retaliation or intimidation, with Wage Hour investigators regarding the instant investigation:

"You are protected by the Fair Labor Standards Act and have the right to participate freely in the U.S. Department of Labor's investigation and litigation. You have the right to speak freely with investigators, attorneys, or other officials from the Department of Labor. It is illegal for your employer to fire you, withhold wages, reduce your wages or your hours, threaten to call immigration authorities, or otherwise retaliate against you for speaking to the Department of Labor or testifying as a witness for the Department of Labor. All employees have the right to be lawfully paid for the work they perform, regardless of race, ethnicity, or immigration status.

The U.S. District Court for the Southern District of Mississippi has ordered Defendant Heritage Inn; Pratik Patel; Pratik Amin; and anyone acting on their behalf to cease coercing, retaliating against, threatening to retaliate against, intimidating, or attempting to influence or in any way threatening employees for providing information to the Department of Labor. If any of these Defendants or anybody acting on their behalf threatens or retaliates against you for speaking to anybody at the Department of Labor, you may report that threat or retaliation to Audrey Hall, District Director of the Jackson District Office of the U.S. Department of Labor, at 601-965-7392 or [Hall.Audrey@dol.gov](mailto:Hall.Audrey@dol.gov);"

3. Defendants shall post a copy of the above statement in English in a conspicuous location at in the main office or at the front desk at the Heritage Inn Worksite and maintain the posting for the duration of Secretary's investigation and adjudication of this case.

4. Order all such other relief as may be appropriate, just, and proper.

Mot. [6] at 3-4.

## II.  DISCUSSION

A.    Relevant Legal Authority

A temporary restraining order is a mechanism for affording relief for a limited time, when immediate and irreparable injury, loss, or damage will result to the movant before a party can be heard in opposition.  *See Esparza v. Bd. of Trustees*, 182 F.3d 915, 1999 WL 423109, *2 (5th Cir. 1999) (citing Fed. R. Civ. P. 65(b)).  Federal Rule of Civil Procedure 65 provides that the Court

> may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The United States Supreme Court has explained that

> [t]he stringent restrictions imposed by [Rule 65] on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.  Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

*Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438-39 (1974) (citation omitted).

For the extraordinary relief of either a temporary restraining order or a preliminary injunction to issue, the party seeking such relief "must satisfy a cumulative burden of proving each of the four elements":

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

B.   Analysis

1.   Likelihood of Success on the Merits

On the current record, the Secretary is likely to succeed in establishing that: (1) Defendants retaliated against employees in violation of 29 U.S.C. § 215(a)(3) (Count I); (2) Defendants are obstructing the Secretary's investigation in violation of 29 U.S.C. § 211(a) (Count II); (3) Defendants underpaid their employees in violation of the FLSA's minimum wage provision, 29 U.S.C. § 206(a)(1) (Count III); (4) Defendants failed to pay their employees overtime wages, in violation of 29 U.S.C. §§ 207 and 215(a)(2) (Count IV); and (5) Defendants violated the FLSA's recordkeeping provisions (Count V).

First, 29 U.S.C. § 215(a)(3) prohibits employers from retaliating against employees for, among other things, taking part in an FLSA investigation. *See* 29 U.S.C. § 215(a)(3). "Retaliation claims under the FLSA are [] subject to the *McDonnell Douglas* analytical framework." *Kanida v. Gulf Coast Medical Personnel*

6

*LP*, 363 F.3d 568, 577 (5th Cir. 2004).[1]  On the record before the Court, including the declarations provided by Hayes, Huber, and Rodney Molina, a Wage and Hour Investigator, the Secretary is likely to establish a prima facie case under *McDonnell Douglas*, and is likely to show Defendants had no legitimate, non-discriminatory reason for their retaliatory conduct and threats, including, but not limited to: (1) threats to terminate and evict Hayes and Huber for participating in the investigation, *see* Huber Decl. [6-5] at 4-5; Hayes Decl. [6-1] at 4-5; and (2) directing Hayes and Huber to lie to investigators, *see* Huber Decl. [6-5] at 3.

Second, 29 U.S.C. § 211(a) authorizes the Secretary to "investigate and gather data regarding the wages, hours, and other conditions and practices of employment . . . to determine whether any person has violated any provision of this Act . . . ."  29 U.S.C. § 211(a).  The Secretary is also permitted to seek injunctive relief under § 217 to enjoin employers who impede an investigation.  *See* 29 U.S.C. §§ 211(a), 217.  The declarations submitted by Hayes and Huber detail the extensive efforts Defendants have taken to impede and obstruct the Secretary's investigation into potential FLSA violations, including, but not limited to: (1) directing Hayes and Huber to lie to the WHD Investigator, Huber Decl. [6-5] at 3; (2) "interrogating" Hayes and Huber about the investigation, Huber Decl. [6-5] at 4; Hayes Decl. [6-1] at 4-5; (3) concealing Hayes and Huber from investigators, Huber Decl. [6-5] at 3; Hayes Decl. [6-1] at 5; and (4) falsifying payroll data, Hayes Decl. [6-1] at 3; Huber Decl. [6-5] at 3.  Based on the foregoing, the Court finds that the

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1971).

7

Secretary is likely to succeed in her unlawful interference claim under 29 U.S.C. § 211(a).

Third, the Secretary is likely to prevail on her remaining claims that Defendants violated: (1) 29 U.S.C. §§ 206 and 215(a), which requires employers to pay employees at least $7.25 an hour, because Hayes' employment contract provided that she was to work sixteen hours a day, seven days a week, for a yearly salary of just $13,000.00, *see* Dkt. [6-2] at 1; (2) 29 U.S.C. §§ 207 and 215(a), which requires employers to provide overtime wages, because the record reflects that Defendants never paid employees overtime compensation, *see* Huber Decl. [6-5] at 5; Hayes Decl. [6-1] at 5; and (3) 29 U.S.C. §§ 211(c) and 215(a)(2), which requires accurate records, because Defendants have failed to keep records and attempted to falsify others, *see* Molina Decl. [6-6] at 2; Huber Decl. [6-5] at 3.

2.    Irreparable Harm

To show immediate and irreparable harm, a party must show "that he is likely to suffer irreparable harm in the absence of preliminary relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "In general, a harm is irreparable where there is no adequate remedy at law, such as monetary damages." *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011).

According to the Secretary, she is "entitled to a presumption of irreparable injury" because "'irreparable harm need not be proven if (1) the injunctive relief is sought pursuant to statute by the appropriate government officer or agency and (2) all of the statutory prerequisites are met.'" Mem. [7] at 20-21 (quoting *White v.*

8

*Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989)).  And "[i]njunctive relief is authorized for violations of both Sections 11(a) and 15(a)(3)."  *Id.*  (citing 29 U.S.C. §§ 211(a), 215(a)(3), 217).  But under Rule 65, "[e]very temporary restraining order issued without notice must . . . describe the injury and state why it is irreparable."  Fed. R. Civ. P. 65(b)(2); *see also Walsh v. ZDN, Inc.*, No. 1:23-CV-92, 2023 WL 12189225, at *3 (D. Colo. Jan. 13, 2023) (recognizing tension).  The Court need not resolve this tension because the Secretary argues in the alternative that she can establish irreparable harm.  The Secretary argues that Defendants' retaliation has impeded and is impeding her investigation which relies on the cooperation of employees, and that Defendants' threats to evict and terminate Hayes and Huber for cooperating threatens to undermine the Secretary's efforts to enforce the FLSA.  *See* Mem. [7] at 21-23.

The Secretary has established that she will suffer irreparable harm if a temporary restraining order is not granted.  By intimidating and threatening employees, Defendants have impeded—and continue to impede—the Secretary's efforts to enforce the FLSA, which she is authorized to do.  *See Walsh*, 2023 WL 12189225, at *3 (finding irreparable harm in the FLSA context where the defendants terminated employees and interfered with the Secretary's investigation); *Walsh v. Caribbean Island Rest. & Bar, LLC*, No. 22-CV-4054-ARR, 2022 WL 2713725, at *2 (E.D.N.Y. July 13, 2022) (finding irreparable harm in the FLSA context where "the Secretary will be unable to conduct a full and complete investigation . . . as he is authorized to do under the FLSA"); *see also United States*

*v. Texas*, 719 F. Supp. 3d 640, 697 (W.D. Tex. Feb. 29, 2024) ("Hinderance to the operations of the federal government . . . constitute irreparable harm.") (immigration context). And a restraining order would prevent Defendants from retaliating against employees and further hindering the investigation. *See Mullins v. City of New York*, 626 F.3d 47, 55 (2d Cir. 2010) ("[W]eakened enforcement of federal law can itself be irreparable harm in the context of a preliminary injunction application" if the plaintiff shows "some evidence of actual chill that would be cured by the requested injunction.").

Moreover, while the focus is on whether the Plaintiff—here, the Secretary—will suffer irreparable harm, *see Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *8 (5th Cir. Feb. 17, 2022) (per curiam) ("But here we consider only whether plaintiffs are likely to suffer irreparable harm."), it is also worth noting that Defendants' employees Hayes and Huber—along with their young child—are likely to suffer irreparable harm due to Defendants' actual and threatened termination, eviction, and retaliation against employees who cooperate with the Secretary's investigation, *see* Hayes Decl. [6-1] at 4-5; Huber Decl. [6-5] at 4-5; *see also Hopkins v. Cornerstone America*, No. 4:05-CV-332-Y, 2006 WL 8453061, at *2 (N.D. Tex. Feb. 6, 2006) (noting that courts have held that "where a party has retaliated against another party attempting to enforce protected rights, such retaliation is an important factor to consider in determining whether irreparable harm has been established") (gathering cases).

10

3.      Public Interest and Balance of Hardships

Restraining Defendants' conduct is in the public interest because Congress has determined that violating the minimum wage and overtime provisions of the FLSA are detrimental to the public. *See* 29 U.S.C. § 211(a) (authorizing investigations for violations). And as detailed above, the Secretary and Defendants' employees will suffer substantial and immediate harm without a temporary restraining order. Conversely, restraining Defendants from retaliating against employees and further impeding the Secretary's investigation does not affect Defendants' rights.

4.      Rule 65 Requirements

Under Federal Rule of Civil Procedure 65(b)(1), a court

may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The Secretary has attached multiple affidavits to her Motion [6]. These affidavits describe the immediate and irreparable harm posed to the Secretary's investigation by Defendants' obstruction, and irreparable harm threatened to Hayes and Huber for cooperating with investigators. *See* Huber Decl. [6-5] at 3, 4-5; Hayes Decl. [6-1] at 4-5. Given Defendants' response to the FLSA investigators and threats towards cooperating employees, the Secretary faces immediate and irreparable harm in that Hayes and Huber may be evicted and

11

terminated, undermining the Secretary's investigation into Defendants' conduct, which relies on the cooperation employees.

Plaintiff's counsel has also attached an "Attorney Certification" notice at the bottom of Plaintiff's Memorandum [7], which the Court finds sufficient to demonstrate the propriety of issuing a temporary restraining order without notice to Defendants. *See* Mem. [7] at 30; Fed. R. Civ. P. 65(b)(1). The Court agrees that providing notice to Defendants would threaten irreparable harm to the Secretary's investigation because Defendants have threatened to terminate and evict employees who cooperate with the Secretary's investigation, and Defendants' degree of control over Hayes' and Huber's livelihood and lodging carries the immediate risk of eviction if notice is given prior to the Court's intervention. *See* Mem. [7] at 30.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff, Secretary of Labor, Lori Chavez-DeRemer's Ex Parte Motion [6] for a Temporary Restraining Order is **GRANTED**, and it is hereby **ORDERED** that Defendants Tanushka, LLC d/b/a Heritage Inn, Pratik Amin, and Pratik Patel (collectively, "Defendants"), and their officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them, are hereby **TEMPORARILY RESTRAININED** from:

> 1.  Interfering in any WHD investigation in violation of 29 U.S.C. § 211(a) or retaliating or discriminating against any current or former worker in violation of 29 U.S.C. § 215(a)(3), including but not limited to:
>> a.  Unlawfully terminating or threatening to terminate Ms. Hayes and Mr. Huber;
>> b.  Evicting Ms. Hayes and Mr. Huber from their current housing at the Heritage Inn or imposing further

12

      restrictions or conditions on their housing at the Heritage Inn;

c.    Requesting, coercing, or accepting any unlawful "kickbacks," repayments, or deductions of all or part of any employees' wages such that employees' wages are not earned "free and clear";

d.    Unlawfully charging or deducting the cost for lodging from Ms. Hayes' and Mr. Huber's wages;

e.    Interrogating, inquiring about or discussing with any of their workers or former workers such worker's potential or actual communications with the Wage Hour Investigators or other agents of the Department of Labor; and

f.    Influencing or attempting to influence any person's testimony or participation in this action.

**IT IS FURTHER ORDERED**, that

1.    Defendants and their agents **SHALL** allow representatives of the Secretary to post in a visible and accessible location the following statement, to all workers of Defendant Heritage Inn informing them of their right to speak, without retaliation or threats of retaliation or intimidation, with Wage Hour investigators regarding the instant investigation:

"You are protected by the Fair Labor Standards Act and have the right to participate freely in the U.S. Department of Labor's investigation and litigation. You have the right to speak freely with investigators, attorneys, or other officials from the Department of Labor. It is illegal for your employer to fire you, withhold wages, reduce your wages or your hours, threaten to call immigration authorities, or otherwise retaliate against you for speaking to the Department of Labor or testifying as a witness for the Department of Labor. All employees have the right to be lawfully paid for the work they perform, regardless of race, ethnicity, or immigration status.

The U.S. District Court for the Southern District of Mississippi has ordered Defendant Heritage Inn; Pratik Patel; Pratik Amin; and anyone acting on their behalf to cease coercing, retaliating against, threatening to retaliate against, intimidating, or attempting to influence or in any way threatening employees for providing information to the Department of Labor. If any of these Defendants or anybody acting on their behalf threatens or retaliates against you for speaking to anybody at the Department of Labor, you may report that threat or retaliation to

13

Audrey Hall, District Director of the Jackson District Office of the U.S. Department of Labor, at 601-965-7392 or Hall.Audrey@dol.gov;"

2.  Defendants **SHALL** post a copy of the above statement in English in a conspicuous location in the main office and at the front desk at the Heritage Inn Worksite.

This Order shall remain in effect for fourteen (14) calendar days from the date of its entry, unless extended by the Court or the parties consent to a longer extension.  The Court will schedule an in-person evidentiary hearing for Wednesday, March 18, 2026, at 9:30 a.m. on Plaintiff's request for a preliminary injunction.

**SO ORDERED AND ADJUDGED**, this the 4th day of March, 2025 at 2:38 p.m.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

14